NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAWN IRENE MURPHY,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-5658

D.C. No. 2:23-cv-01285-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted August 20, 2025[**]
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

Dawn Irene Murphy appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under the Social Security Act. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks and citation omitted). We affirm.

The only issue on appeal is whether the vocational expert's ("VE") testimony conflicted with the Dictionary of Occupational Titles ("DOT"), and, if so, whether the ALJ reconciled the inconsistency. When a VE "provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE['s] . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).[1] "If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citing SSR 00-4p, 2000 WL 1898704, at *2).

Here the ALJ did not err in relying on the testimony of the VE at step five, as the VE reduced the number of router and bench assembler jobs to account for Murphy's one- to two-step instruction limitation. *See* SSR 00-4p, 2000 WL

---

[1] SSR 24-3p, 2024 WL 5256890 (Dec. 6, 2024), rescinded SSR 00-4p for applications filed on or after January 6, 2025. Because this case was filed prior to that, the new rule does not impact this case.

1898704, at *3 ("The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings.").  By reducing the number of jobs, the VE "provide[d] more specific information" about these jobs, based on their training, education, and experience "analyzing or observing these jobs" to resolve any inconsistency.  *See id.*  And 40,841 bench assembler and router jobs in the national economy constitutes a significant number.  *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014).

**AFFIRMED.**